# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 16-30172

—————

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2016

Lyle W. Cayce
Clerk

NATALIE KONRICK,

> Plaintiff - Appellant

v.

EXXON MOBIL CORPORATION; CHALMETTE REFINING, L.L.C.,

> Defendants - Appellees

—————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-524

—————

Before JOLLY, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff Natalie Konrick worked as a security guard at a refinery in Louisiana that was owned by Defendant Chalmette Refinery, L.L.C., and operated by Defendant Exxon Mobil Corporation.[1]  Konrick sued Defendants, alleging that exposure to toxins while at work caused the stillbirth of her baby.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] In response to our request for supplemental briefing regarding the citizenship of Chalmette Refinery, L.L.C., Defendants filed a motion for leave to file an amended answer that specified Chalmette's citizenship.  Pursuant to 28 U.S.C. § 1653, we GRANT Defendants' motion and note that the district court properly exercised diversity jurisdiction.

No. 16-30172

The district court granted Defendants' motion to exclude the expert testimony of Doctors Robert Harrison, Cynthia Bearer, and Lauren Waters on general causation because it found their opinions were based on unreliable methodologies. The district court then granted summary judgment in favor of the Defendants because there was no evidence of general causation. On appeal, Konrick argues that the district court erred in excluding the experts' testimony.

After reviewing the briefs and record, we find no abuse of discretion. *See Compaq Comput. Corp. v. Ergonome Inc.*, 387 F.3d 403, 408 (5th Cir. 2004). "District courts must carefully analyze the studies on which experts rely for their opinions before admitting their testimony." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007). In a thorough and well-reasoned order, the district court did just that. Furthermore, both the Supreme Court and this court have affirmed the exclusion of expert testimony that was based upon studies with the same flaws identified by the district court. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 145–47 (1997); *Johnson v. Arkema, Inc.*, 685 F.3d 452, 460–62 (5th Cir. 2012); *LeBlanc ex rel. Estate of LeBlanc v. Chevron USA, Inc.*, 396 F. App'x 94, 99–100 (5th Cir. 2010); *Knight*, 482 F.3d at 352–55; *Vargas v. Lee*, 317 F.3d 498, 501–03 (5th Cir. 2003). Ultimately, the district court fulfilled its gatekeeping function under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny. Accordingly, we affirm.